**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| M&I Marshall & Ilsley Bank,<br><br>Plaintiff,<br><br>vs.<br><br>Jay and Tana Boersma, husband and wife,<br><br>Defendants. | No. CV-11-1177-PHX-DGC<br><br>**ORDER** |

On June 6, 2011, Plaintiff filed a forcible entry and detainer action against Defendants in state court. Doc. 1-1 at 3-45. Defendant Jay Boersma removed the action to this Court a week later. Doc. 1.

Plaintiff has filed a motion to remand. Doc. 7. The motion is fully briefed. Docs. 8, 10. No party has requested oral argument. For reasons stated below, the motion will be granted.

Federal courts are courts of limited jurisdiction, "possess[ing] only that power authorized by Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Pursuant to 28 U.S.C. § 1441, a defendant "may remove an action to federal court based on federal question jurisdiction or diversity jurisdiction." *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009); *see* 28 U.S.C. §§ 1331, 1332. Defendant's notice of removal asserts both federal question and diversity jurisdiction. Doc. 1 at 2.

"It is to be presumed that a cause of action lies outside the limited jurisdiction of the federal courts and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Hunter*, 582 F.3d at 1042 (citations omitted). Defendant has not met his burden.

The Court has subject matter jurisdiction over cases "arising under" federal law. 28 U.S.C. § 1331. It is well established that federal question jurisdiction exists only where the complaint itself establishes that the case arises under federal law. *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 10 (1983). Stated differently, "[t]he federal question 'must be disclosed upon the face of the complaint unaided by the answer or petition for removal.'" *Takeda v. Nw. Nat'l Life Ins. Co.*, 765 F.2d 815, 821 (9th Cir. 1985) (quoting *Gully v. First Nat'l Bank*, 299 U.S. 109, 113 (1936)).

Plaintiff's complaint asserts a forcible entry and detainer claim pursuant to A.R.S. § 12-1171 et seq. Because that claim does not depend on resolution of any issue of federal law, the Court does not have subject matter jurisdiction under 28 U.S.C. § 1331.

Federal courts possess diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]" 28 U.S.C. § 1332(a)(1). "[T]he removing defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds [$75,000]." *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997) (citations omitted). Defendant presents no evidence, or even an argument, that the amount in controversy exceeds the jurisdictional amount.

Moreover, because Defendant is "a citizen of and domiciled in the State of Arizona" (Doc. 1 at 2), the forum defendant rule, 28 U.S.C. § 141(b), prohibits removal on the basis of diversity jurisdition. *See Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 939 (9th Cir. 2006) (noting that § 1441(b) "confines removal on the basis of diversity jurisdiction to instances where no defendant is a citizen of the forum state").

Courts strictly construe the removal statute, 28 U.S.C. § 1441, against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). This strong presumption against removal means that the defendant always has the burden of establishing that removal is proper, and federal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* Defendant has failed to meet his high burden. The Court therefore will remand the case to state court for lack of subject matter jurisdiction. 28 U.S.C. § 1447(c) (the case shall be remanded if "at any time before final judgment it appears that the district court lacks subject matter jurisdiction").

Defendant's motion for joinder (Doc. 9) will be denied as he seeks to join no additional party. Plaintiff argues, correctly, that Rules 18, 19, and 20 have no relevance to this case.

**IT IS ORDERED:**

1. Plaintiff's motion to remand (Doc. 7) is **granted**.
2. Defendant's motion for joinder (Doc. 9) is **denied**.
3. The Clerk is directed to **remand** this action to state court.
4. Plaintiff may file a motion for attorneys' fees pursuant to Local Rule 54.2.

Dated this 18th day of July, 2011.

_____
David G. Campbell
United States District Judge