**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| M&I Marshall & Ilsley Bank, | No. CV-11-1177-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| Jay and Tana Boersma, husband and wife, | |
| Defendants. | |

On June 6, 2011, Plaintiff filed a forcible entry and detainer action against Defendants in state court. Doc. 1-1 at 3-45. Defendant Jay Boersma removed the action to this Court a week later. Doc. 1. In an order dated July 18, 2011, the Court remanded the case for lack of subject matter jurisdiction. Doc. 12.

Plaintiff has filed a motion for an award attorneys' fees against Jay Boersma in the amount of $2,911. Doc. 13. No response has been filed. For reasons stated below, the motion will be granted.

Pursuant to 28 U.S.C. § 1447(c), the Court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The Court finds that Defendant "had no objectively reasonable basis for removal." *Patel v. Del Taco, Inc.*, 446 F.3d 996, 999 (9th Cir. 2006). Because Plaintiff's forcible entry and detainer action does not depend on resolution of any issue of federal law, the Court does not have federal question jurisdiction under 28 U.S.C. § 1331. Defendant presented no evidence, or even an argument, that the amount in controversy exceeds the jurisdictional amount for purposes of diversity jurisdiction under 28 U.S.C. § 1332. Moreover, because

Defendant is a citizen of Arizona, the forum defendant rule, 28 U.S.C. § 1441(b), prohibited removal on the basis of diversity jurisdiction. *See* Doc. 12.

"The process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and waste judicial resources." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005). "Assessing costs and fees on remand reduces the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff." *Id.* The Court finds that an award of fees for the improper removal is appropriate in this case even though Defendant is proceeding pro se. Defendant is not a novice litigator, having filed multiple suits against Plaintiff and another bank. *See* Case Nos. CV-10-2221-NVW, CV-11-0148-ROS, CV-11-0768-JAT, CV-11-1522-DGC.

Having reviewed Plaintiff's supporting memorandum (Doc. 13) and counsel's declaration and statement of fees (Docs. 13-3, 13-4), and having considered the record as a whole and the relevant fee award factors, *see Hensley v. Eckerhart*, 461 U.S. 424, 429-30 & n.3 (1983), the Court finds the requested fee award to be reasonable and appropriate. *See also* LRCiv 54.2(c)(3)(A)-(M). The Court will grant Plaintiff's motion and award it attorneys' fees in the amount of $2,911.

**IT IS ORDERED:**

1. Plaintiff's motion for attorneys' fees against Jay Boersma (Doc. 34) is **granted**.

2. Attorneys' fees are awarded in favor of Plaintiff and against Defendant Jay Boersma in the amount of **$2,911.00**.

Dated this 14th day of September, 2011.

David G. Campbell
United States District Judge